| | |
|---|---|
| 1 | THOMAS F. LANDERS [SBN 207335] |
|   | tlanders@swsslaw.com |
| 2 | PETER J. CALTAGIRONE [SBN 297559] |
|   | pcaltagirone@swsslaw.com |
| 3 | SOLOMON WARD SEIDENWURM & SMITH, LLP |
|   | 401 B Street, Suite 1200 |
| 4 | San Diego, California 92101 |
|   | (t) 619.231.0303 |
| 5 | (f) 619.231.4755 |
| 6 | Attorneys for Defendant MIDLAND CREDIT MANAGEMENT, INC. |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| MOSTAFA AHMED ALHANJOUR, | Case No. |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)** |
| v. | State Court Complaint filed 9/19/14 |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1331, Defendant Midland Credit Management, Inc. ("Midland") hereby removes this action from the Superior Court of the State of California for the County of Orange, Case No. 30-2014-00746184-CL-NP-CJC (the "State Case") to the United States District Court for the Central District of California, Southern Division. The grounds for this removal are:

**FACTUAL SUMMARY**

1. On September 19, 2014, plaintiff Mostafa Ahmed Alhanjour commenced the State Case alleging violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.) and the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.).

///

2. Midland was served with the summons and complaint on October 13, 2014.

3. This notice is therefore timely pursuant to 28 U.S.C. section 1446(b) because it is being filed within thirty days after service of the complaint.

**JURISDICTION**

4. Removal is proper pursuant to 28 U.S.C. section 1441(a), which entitles a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and 28 U.S.C. section 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The district court has supplemental jurisdiction over the alleged state law claim because it is so related to the claim over which the district court has original jurisdiction that it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a).

5. Pursuant to 28 U.S.C. section 1446(a), Midland attaches as **Exhibits 1 and 2** are copies of all process, pleadings, and orders in the State Court action.

DATED: November 12, 2014       SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *s/ Thomas F. Landers*
THOMAS F. LANDERS
Attorneys for Defendant MIDLAND CREDIT MANAGEMENT, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INDEX TO EXHIBITS**

<u>Pages</u>

Exhibit 1:    State Court Complaint.................................................................... 1-4

Exhibit 2:    State Court Answer ....................................................................... 5-11