Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**09/19/2014** at 01:13:20 PM

Clerk of the Superior Court
By Norri Lau,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE
## LIMITED JURISDICTION

| | |
|---|---|
| MOSTAFA AHMED ALHANJOUR,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 30-2014-00746184-CL-NP-CJC<br><br>COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>(Amount not to exceed $10,000)<br><br>1. Violation of Rosenthal Federal Fair Debt Collection Practices Act<br>2. Violation of Fair Debt Collection Practices Act |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2. Plaintiff, Mostafa Ahmed Alhanjour ("Plaintiff"), is a natural person residing in Orange County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, Midland Credit Management, Inc. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5. On or about March, 2014, Plaintiff began receiving numerous calls from Defendant. Defendant often called Plaintiff multiple times in one day, generally calling Plaintiff in the morning, afternoon, and evening in one day.

6. Plaintiff did not receive anything in writing from Defendant regarding the account. Further, Defendant did not notify Plaintiff of his right to dispute or request verification of the alleged debt.

7. On or about March 10, 2014, Plaintiff sent a letter to Defendant notifying Defendant to stop calling him. Defendant continued to call Plaintiff after that letter.

8. DEFENDANT'S conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)); and

c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5)).

d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)); and

f) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a)).

9. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to PLAINTIFF'S feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and DEFENDANT is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. PLAINTIFF reincorporates by reference all of the preceding paragraphs.

11. To the extent that DEFENDANT'S actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees,
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12.    PLAINTIFF reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 15th day of September, 2014.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff